## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MICHAEL R. ROBERTO,<br><br>                    Plaintiff,<br><br>      vs.<br><br>CYNTHIA DUENAS TERLAJE, formerly known as CYNTHIA P. DUENAS and DOES 1-10 inclusive,<br><br>                  Defendant. | CIVIL CASE NO. CV0969-19<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Cynthia Duenas Terlaje's ("Defendant") Motion to Dismiss Complaint. Defendant is represented by Attorney Anthony C. Perez, and Plaintiff Michael R. Roberto ("Plaintiff") is represented by Attorney Anita P. Arriola. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On August 8, 2019, Plaintiff initiated this action, filing a Complaint for Partition of Real Property and for Damages against Defendant. Plaintiff and Defendant had a romantic relationship for ten (10) years and lived together for several years. (Compl. ¶ 9). During this relationship, Plaintiff's parents Juan and Joaquina Roberto conveyed and transferred real property to Plaintiff and Defendant as their conjugal home. *Id.* The real property is identified as:

*Roberto vs. Terlaje*
CV0969-19
Decision and Order

Lot No. 4, Block No. 13, Municipality of Talofofo, Territory of Guam, Estate Number 12405, Urban, as said Lot is marked and designated on Drawing Number M.A. 10003, as recorded January 23, 1950 in the Department of Land Management, Government of Guam, under Document Number 20765.

(Compl. ¶ 6).

On December 22, 1995, Plaintiff and Defendant executed a promissory note and mortgage on the Property to First Savings and Loan for a loan in the amount of $123,900.00 to renovate the house located on the property. *Id.* at ¶ 10. *See also* Compl, Ex. B. The Promissory Note sets forth a monthly payment of $976.89 beginning February 1997. (Compl., Ex. B). Plaintiff and Defendant made timely payments on the Loan until May 1999. (Compl. at ¶ 10. According to Plaintiff, Defendant failed and refused to make further payments on the loan since then. *Id.* To date, Plaintiff has made payments totaling over $247,380.00 of the principal and interest under the Loan. *Id.* at ¶ 11.

On August 29, 2019, Defendant filed the instant Motion to Dismiss. On September 27, 2019, Plaintiff filed his Opposition, and on October 14, 2019, Defendant filed her Reply. The Court subsequently took the matter under advisement pursuant to Superior Court of Guam Local Rule 7.1(e).

## DISCUSSION

Defendant moves the Court to dismiss the second and third causes of action, alleging Plaintiff has failed to state a claim upon which relief can be granted.

### I. GRCP 12(b)(6) Legal Standard

When considering a Rule 12(b)(6) dismissal, failure to state a claim upon which relief can be granted, the Court must:

> construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Dismissal for failure to state a claim is appropriate *only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief.*

*Roberto vs. Terlaje*
CV0969-19
Decision and Order

Page **2** of **8**

*Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6 (internal citations and quotation marks omitted) (emphasis added). *See also Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby*, 2010 Guam 4 ¶ 14 (citation omitted). Courts, however, "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16 (citation omitted).

## II. Second Cause of Action: Breach of Contract or Covenant of Good Faith and Fair Dealing

Defendant first argues that the Second Cause of Action: Breach of Contract or Covenant of Good Faith and Fair Dealing must be dismissed because no contract existed between Plaintiff and Defendant. Defendant argues that the contract at issue is the Promissory Note between Plaintiff and Defendant together on one side and the Lender, First Savings and Loan, on the other, and not between each other. *See* Mot. Dismiss at 3. Specifically, Defendant argues that the "obligations of the Promissory Note are personal to Plaintiff and Defendant, and do not represent any sort of joint obligation or promise between them to make payments on the Promissory Note." *Id.* at 4. Plaintiff opposes, arguing that he and Defendant entered into an oral contract "in which they both agreed to share equally in the loan payments due under the note for as long as the loan was due and outstanding." (Opp'n at 4). Defendant disputes whether Plaintiff properly alleged that she and Defendant entered into an "oral contract" in the Complaint, and further argues that "[e]ven if an oral contract was properly plead, Plaintiff failed to adequately plead all elements of the contract" because "Plaintiff has failed to plead consideration." (Reply at 2).

For a contract to exist under Guam law, there must be: (1) parties capable of contracting; (2) consent; (3) a lawful object; and (4) a sufficient cause or consideration. 18 G.C.A. § 85102. "The question of whether an oral contract was formed is determined by

*Roberto vs. Terlaje*
CV0969-19
Decision and Order

Page 3 of 8

looking to the intent of the parties." *Takano-Towa Guam Co., Ltd. v. Cox*, 1993 WL 128214*5 (D.Ct. Guam 1993) (citing *Beta Sigma Tau v. Shrine Civic Auditorium*, 323 P.2d 406, 499 (Cal. Dist. Ct. App. 1958)). "Generally, in the case alleging a defendant's breach of an oral contract, definite contractual terms are necessary to make the contract enforceable." *Mack v. Davis*, 2013 Guam 13 ¶ 33 (citation omitted). In the Complaint, Plaintiff alleges:

> 16. On or about December 22, 1995, when Plaintiff and Defendant executed the mortgage and promissory note for the Loan, Plaintiff and Defendant agreed that they would each pay their fair and equal shares of the amount due under the Loan for as long as the Loan was due and outstanding.

> 17. Defendant was aware that Plaintiff would not have taken out the loan if he had to pay the Loan by himself and she also knew that he took out the Loan based upon Defendant's agreement that she would pay her fair and equal share of the amount due under the Loan for as long as the Loan was due and outstanding.

> 18. Plaintiff has performed his contractual obligations by paying his fair and equal shares of the amount due under the Loan.

> 19. Defendant initially paid her share of her obligations on the Loan but subsequently in May 1999 she breached her agreement with Plaintiff and refused to pay and continues to refuse to pay her obligations on the Loan.

> 20. At all relevant times herein, Defendant was in a contractual relationship with Plaintiff and owed a duty to Plaintiff to act in good faith and deal fairly with him.

> 21. Defendant breached that duty on more than one occasion by failing and refusing to pay her fair and equal share of the monthly payments due under the Loan.

> 22. Such acts and omissions leading to Defendant's breach of contract were the actual and proximate cause of harm to Plaintiff.

> 23. Accordingly, in breach of said contract, Defendant is liable to Plaintiff in excess of $125,000.00 or the exact amount to be proven at trial. In breach of the covenant of good faith and fair dealing, Defendant is liable in damages to Plaintiff in an amount to be proven at trial.

(Compl. ¶¶ 16-23).

Looking at the facts as plead, in a light most favorable to the non-moving party, the Court finds that Plaintiff has not plead facts in support of his breach of contract claim which would entitle him to relief. *See Taitano*, 2009 Guam 9 ¶ 6. The Promissory Note only requires

*Roberto vs. Terlaje*
CV0969-19
Decision and Order

Page 4 of 8

that payments on the loan be made by *either* borrower. The Court does not find that an oral contract was alleged and that all elements of an oral contract, specifically "sufficient cause or consideration" received by Defendant from Plaintiff were set forth in the Complaint. Without a valid contract, there can also be no cause of action for breach of the covenant of good faith and fair dealing. *See* Rest.2d Contracts § 205 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."). The Court must therefore grant Defendant's Motion to Dismiss the second cause of action for failure to state a claim upon which relief can be granted. Nonetheless, the Court will give Plaintiff an opportunity to file an Amended Complaint, as requested by Plaintiff pursuant to GRCP 15. The Court declines to address any of the statute of limitations arguments set forth by Defendant at this time, as they differ depending on the type of contract alleged in the complaint. Further, Defendant's arguments regarding the statute of limitations as to oral contracts were set forth in her Reply, and Plaintiff therefore did not have an opportunity to respond to such arguments.

**III. Third Cause of Action: Unjust Enrichment**

Defendant next moves the Court to dismiss the Third Cause of Action: Unjust Enrichment because Plaintiff has failed to adequately plead the elements required and because Plaintiff failed to plead unjust enrichment in the alternative. (Mot. Dismiss at 7-8).

"Unlike implied in fact contracts, quasi-contracts are not recognized in Guam by statute. *Cf.* Title 18 GCA § 86101 (1994) ("A contract is either express or implied."); Title 18 GCA § 86103 (1994) ("An implied contract is one, the existence and terms of which are manifested by conduct.")." *Tanaguchi-Ruth & Assocs. v. MDI Guam Corp.*, 2005 Guam 7 ¶ 27. "The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party. A person is enriched if the person receives a benefit at another's expense." *Id.* at ¶ 29 (internal citations and quotation marks omitted).

"The elements for a claim of unjust enrichment are receipt of a benefit and unjust retention of the benefit at the expense of another. The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its

*Roberto vs. Terlaje*
CV0969-19
Decision and Order

Page 5 of 8

equivalent to the aggrieved party so as not to be unjustly enriched." *Lyles v. Sangadeo-Patel*, 171 Cal. Rptr. 3d 34, 40–41 (Cal. App. 2014) (internal citations and quotation marks omitted). "[T]he mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor. There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected." *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 323 (Cal. App. 2008) (internal citations and quotation marks omitted).

Here, Defendant argues that Plaintiff has "failed to allege that Defendant received a benefit and unjustly retained that benefit." (Mot. Dismiss at 7-8). In support of his opposition to the Motion, Plaintiff notes that he has alleged the following in his Complaint:

1. Defendant owns an undivided one-half interest in the Property (Compl. ¶ 7)
2. Plaintiff and Defendant executed a Note and Mortgage for the purpose of renovating the house on the Property (Compl. ¶ 10)
3. Plaintiff and Defendant made timely payments on the loan until May 1999, when Defendant failed and refused to make further payments on the loan (Compl. ¶ 10)
4. Plaintiff has been making all payments on the loan since then in order to prevent a default on the loan. (Compl. ¶11)
5. Plaintiff has made payments totaling over $247,380.00 of principal and interest under the loan, with no further contribution from Defendant. (Compl. ¶ 11) and
6. Defendant is liable in damages to Plaintiff in excess of $125,000.00, or an amount to be proven at trial. (Compl. ¶ 23).

(Opp'n at 8). Plaintiff sets forth that based on these facts, it is clear that Defendant unjustly retained the following benefits: "Terjale's one-half interest in the property has been improved physically and financially by the renovations on the house made possible by the loan; Roberto's payments prevented a default on the loan, which protected Terlaje's credit status; Terlaje's equal share of the loan payments, in excess of $125,000.00 were never paid and she has had the benefit and use of such monies instead of paying down the Loan." *Id.* The Court is inclined to agree and will not dismiss the third cause of action on this ground.

Lastly, Defendant argues that the third claim for unjust enrichment must be dismissed because it was not plead in the alternative. (Mot. Dismiss at 8). Plaintiff, in opposition, sets

*Roberto vs. Terlaje*
CV0969-19
Decision and Order

Page 6 of 8

forth that Rule 8(e)(2) of the Guam Rules of Civil Procedure[1] allows for alternative pleading of inconsistent claims. (Opp'n at 8-9). Defendant acknowledges that alternative pleading is permitted under Rule 8(e)(2), but argues, however, that "Plaintiff did not plead unjust enrichment in the alternative, but plead it collectively, as the Prayer asked for judgment for damages for breach of contract **and** unjust enrichment." (Reply at 7) (emphasis in original).

It is undisputed that Plaintiff is permitted to plead an unjust enrichment claim in the alternative, which would normally mean that dismissal of that claim based solely on the existence of a contract or potential for an adequate remedy at law would be premature and inappropriate. However, although Plaintiff says that he has pled an unjust enrichment claim in the alternative, the Complaint as currently written does not clearly state so. Plaintiff's third cause of action does not say that it is pled in the alternative or that he seeks alternative relief. Further, the unjust enrichment claim is based on the same predicate common facts underlying the other counts. *See* Compl. ¶ 24 ("Plaintiff re-alleges the allegations set forth in paragraphs 1-23 above and incorporates the same herein by reference."). Additionally, Plaintiff has not alleged - in the alternative or otherwise - that he lacks an adequate remedy at law, even though he does allege that a valid contract exists in the second cause of action (breach of contract). *See, e.g., Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 331–32 (Cal. App. 2012), *as modified on denial of reh'g* (Feb. 24, 2012) ("Although a plaintiff may plead inconsistent claims that allege both the existence of an enforceable agreement and the absence of an enforceable agreement, that is not what occurred here. Instead, plaintiffs' breach of contract claim pleaded the existence of an enforceable agreement and their unjust enrichment claim did not deny the

---

[1]  Rule 8 provides in relevant part:

(2) *A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.* When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. *A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or equitable grounds.* All statements shall be made subject to the obligations set forth in Rule 11.

Guam R. Civ. P. 8(e)(2) (2014) (emphasis added).

*Roberto vs. Terlaje*
CV0969-19
Decision and Order

Page **7** of **8**

existence or enforceability of that agreement. Plaintiffs are therefore precluded from asserting a quasi-contract claim under the theory of unjust enrichment."). Accordingly, the Court finds that Plaintiff has failed to adequately plead an unjust enrichment claim, and grants Defendant's Motion to Dismiss the third cause of action on this ground. The Court, however, will give Plaintiff an opportunity to file an Amended Complaint, as requested by Plaintiff pursuant to GRCP 15.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART Defendant's Motion to Dismiss. Plaintiff shall file an Amended Complaint within thirty (30) days of the issuance of this Decision and Order.

**IT IS SO ORDERED** this 29th day of January, 2019.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

I acknowledge that a copy the original hereto was given or mailed the court book on

Arriola
A. Perez
Date 1/28/20 10AM

Deputy Clerk, Superior Court of Guam

*Roberto vs. Terlaje*
CV0969-19
Decision and Order